UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  98-cv-01867-WYD

MADISON STEWART WILKINS,

      Plaintiff,

v.

COLORADO DEPARTMENT OF SOCIAL SERVICES DIVISION OF VOCATIONAL
REHABILITATION,

      Defendant.

---

**ORDER**

---

THIS MATTER is before the Court on *pro se* Plaintiff Madison Stewart Wilkins'

Motion to Reopen Case, filed December 7, 2009 [#83], and her Motion and Affidavit for

Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed December 8, 2009 [#84].

Because Plaintiff is proceeding *pro se*, her "pleadings are to be construed

liberally and held to a less stringent standard than formal pleadings drafted by lawyers."

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, it is not "the proper

function of the district court to assume the role of advocate for the pro se litigant."  *Id.*

By way of background, I note that Plaintiff filed a complaint in this action in

August 1998, and an amended complaint in October 1998.  I entered an order on

December 11, 1998, dismissing the amended complaint without prejudice for failure to

comply with the pleading requirements.  This decision was subsequently affirmed by the

United States Court of Appeals for the Tenth Circuit.  On December 17, 1999, Plaintiff

moved for an order to re-file a complaint, which I granted.  In the re-filed complaint,

Plaintiff sought monetary relief based on the alleged negligence of the Colorado

Department of Social Services Division of Vocational Rehabilitation arising from an

incident that occurred on March 14, 1979.  Plaintiff alleged that she suffered bodily

injury as a result of the March 14, 1979 incident.  Plaintiff also appeared to raise a claim

under 42 U.S.C. § 1983.  Defendant moved to dismiss the claims as barred under the

applicable statute of limitations and for lack of subject matter jurisdiction.  On June 13,

2000, I entered an order granting Defendant's motion to dismiss finding that Plaintiff's

claims were bared by the statute of limitations as Plaintiff was required to commence

any action against Defendant on or before March 14, 1981.  In addition, I found that

Plaintiff's claims were barred for lack of subject matter jurisdiction as Defendant is not a

"person" subject to liability under 42 U.S.C. § 1983.  Moreover, I found that to the extent

Plaintiff's claims could be construed as being founded upon state common law, they are

equally barred under the Colorado Governmental Immunity Act, C.R.S. § 24-10-101 *et*

*seq.*  The Tenth Circuit affirmed the dismissal finding that, as a matter of law, Plaintiff's

claims are barred by the applicable statute of limitations.

In the instant motion, Plaintiff seeks to reopen her case, stating that she wishes

to present medical information from several doctors.  Attached to her motion are various

documents and orders entered by the Colorado Court of Appeals and the Colorado

Supreme Court in connection with a separate case filed in the Colorado state courts.

Plaintiff has also attached letters from Doctors, medical records and her resume.

Upon review of the motion, I find nothing therein that would justify reopening this

case.  Plaintiff does not explain how the documents she has attached to her motion

would negate the previous dismissal of her case based on the statute of limitations or

lack of subject matter jurisdiction.  To the extent I treat the motion as one seeking relief

from the order of dismissal under Fed. R. Civ. P. 60(b), I find that the motion is untimely

under Rule 60(c).  Pursuant to Rule 60(c), a motion brought under Rule 60(b)

subsection (1), (2), and (3) must be made "no more than a year after the entry of

judgment or order or the date of the proceeding."  Here, the instant motion was brought

over nine years after my June 13, 2000 Order dismissing Plaintiff's claims, and more

than eight years after the Tenth Circuit affirmed my decision.  In addition, Plaintiff has

failed to demonstrate the existence extraordinary circumstances that would justify relief

under Rule 60(b).  *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th

Cir.1996).

     Accordingly, it is hereby

     ORDERED that Plaintiff Madison Stewart Wilkins' Motion to Reopen Case, filed

December 7, 2009 [#83] is **DENIED**.  It is

     FURTHER ORDERED that Plaintiff's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915, filed December 8, 2009 [#84], is **DISMISSED AS MOOT**.

Dated:  February 11, 2010.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge